**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANCISCO HUERTA-CESAREO,

Defendant-Appellant.

No. 12-4163
(D.C. No. 1:11-CR-00109-TS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **MATHESON**, Circuit Judges.

After accepting a plea agreement that included a waiver of his right to appeal,

Francisco Huerta-Cesareo pleaded guilty to one count of possession with intent to

distribute 50 grams or more of a mixture or substance containing a detectable

amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). At sentencing,

the district court found that his advisory sentencing guideline range was

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

168 to 210 months, but it departed downwardly from that range and sentenced Mr. Huerta-Cesareo to 100 months. Despite the waiver, he appealed. The government has now moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, in evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In his response to the government's motion, Mr. Huerta-Cesareo addresses only the second of these factors: whether he knowingly and voluntarily waived his appellate rights. Accordingly, we consider only that factor.

> When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors. First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy.

*Id.* (citation omitted).

Mr. Huerta-Cesareo does not challenge the fact that the plea agreement he signed expressly recited that he had knowingly and expressly waived his right to appeal. *See* "Statement by Def. in Advance of Plea of Guilty," at 3, 4. Instead, he targets the adequacy of the plea colloquy. But he does not present any evidence from the plea colloquy to meet his burden to establish that he did not knowingly and voluntarily enter into the waiver. *See Hahn*, 359 F.3d at 1329 (stating defendant

- 2 -

bears the burden to show that he did not knowingly and voluntarily enter into his plea agreement).

Instead, Mr. Huerta-Cesareo makes a very narrow argument: that in the absence of an explicit finding by the district court that he understood his rights and knowingly waived them, we should presume that his waiver was not knowing and voluntary, regardless of whether he presented any evidence on the issue. Aplt. Resp., at 2. Contrary to Mr. Huerta-Cesareo's suggestion, Fed. R. Crim. P. 11 does not require that the district court make an express finding that the plea or the appeal waiver is voluntary. But even if Rule 11 implicitly required such a finding, any variance from the requirements of Rule 11 would be harmless under the facts of this case. *See* Fed. R. Crim. P. 11(h) (incorporating principle of harmless error).

Here, the district court did address Mr. Huerta-Cesareo in open court concerning the voluntariness of his plea and his understanding of the appeal waiver. *See* Fed. R. Crim. P. 11(b)(1)(N), (b)(2). We note the colloquy included the following question and response:

> THE COURT: Do you understand that as a part of the plea agreement, you are waiving your right to appeal your conviction or sentence?
>
> [MR. HUERTA-CESAREO]: Yes.

Change of Plea Tr., at 12.

Moreover, Mr. Huerta-Cesareo has failed to establish that the lack of a finding would entitle him to an affirmative presumption that his waiver was not knowing or involuntary, or relieve him of his burden of proof on this issue. In light of the

statements in his plea agreement, which his attorney went over with him in detail, *see id.* at 10, and in light of the questions and his answers concerning his guilty plea and the appeal waiver at sentencing, Mr. Huerta-Cesareo has failed to show that he could meet his burden.

The motion to enforce is granted, and this appeal is dismissed.

Entered for the Court
Per Curiam
